IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES MATTHEW MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 7:20-cv-604 |
| | ) |
| TAYLOR COMMUNICATIONS SECURE | ) |
| & CUSTOMER SOLUTIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OBJECTIONS TO
DEFENDANT'S BILL OF COSTS**

COMES NOW Plaintiff, James Matthew Morris, by counsel, and notes the following objections to Defendant's Bill of Costs [Docket No. 51]:

Defendant has filed a Bill of Costs seeking the following alleged costs:

a. $400 for Fees of the Clerk

b. $4,316.15 for printed or electronically recorded transcripts necessarily obtained for use in the case

Pursuant to 28 U.S.C. § 1920, costs must be for items necessarily obtained for use in the case. Defendant has sought costs for the following transcripts (and other fees associated with the depositions): James Morris, Angela Passanesi, Thomas Dailey, Jeffery Teal, Tim Scully, Alan Silverberg, Simeon Palomino. However, the only transcripts Defendant filed with this Court are James Morris (Dkt. No. 41-1, Ex. A), Thomas Dailey (Dkt. No. 41-1, Ex. N), and Angela Passanesi (Dkt No. 41-1, Ex. O). Therefore, the costs sought for Jeffery Teal ($261.50), Tim Scully ($418), Alan Silverberg ($351.50), and Simeon Palomino ($515.50) should be excluded (for a total of $1,546.50 ($261.50 + $418

+ $351.50 + $515.50 = $1,546.50)), reducing Defendant's costs from $4,716.15 to $3,169.65 ($4,716.15-$1,546.50 = $3,169.65).

Next, not all fees related to transcripts are recoverable. For example, "[t]axing fees for the expedited production of transcripts is 'not allowed absent a showing of necessity.'" *Nobel Biocare USA, LLC v. Technique D'Usinage Sinlab Inc.*, 2013 U.S. Dist. LEXIS 30851, at *5 (E.D. Va. Mar. 4, 2013); *Nigro v. Va. Commonwealth Univ. Med. College of Va.*, 2012 U.S. Dist. LEXIS 156184, at *6 (W.D. Va. Oct. 31, 2012). *See also Benjamin v. Sparks*, 2020 U.S. Dist. LEXIS 70847, at *6 (E.D.N.C. Apr. 22, 2020) (disallowing various transcript costs) (citing *Dutton v. Wal-Mart Stores East, L.P.*, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); *Nwaebube v. Employ't Sec. Comm'n of N.C.*, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); *Parrish v. Johnston Cmty. Coll.*, 2012 U.S. Dist. LEXIS 198313, *3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"); *Estate of Ward v. Trans Union Corp.*, 2009 U.S. Dist. LEXIS 140981, 2009 WL 10705140, at *2 (E.D.N.C. Feb. 25, 2009) (disallowing cost of room rental for deposition); *Abrams v. Wachovia Corp.*, 2010 U.S. Dist. LEXIS 80120, at *2 (D.S.C. Aug. 5, 2010) ("the prevailing party may not recover costs for both the transcription and videotaping of a deposition unless the party can show that the costs were 'necessarily obtained for use in the case'" (citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999)).

Here, Defendant has sought costs for Jim Morris' deposition in addition to the appearance fee and original transcript, and these additional items are not recoverable:

    a. Original with 1 Certified Transcript: $1,171.65 (the additional certified transcript added $208.25 (compare to Exhibit A: transcript services for Morris' transcript were only $963.40; the added $208.25 for the additional certified copy is not recoverable)

    b. Attendance Hourly: $400

    c. Exhibits: $94 (not recoverable)

    d. Surcharge – Video Processing: $80.25 (not recoverable)

    e. Litigation Package-Secure File Suite: $32.50 (not recoverable)

    f. Electronic Delivery and Handling: $19 (not recoverable)

          i. Total: $1,797.40

          ii. Not recoverable expenses: $434 ($208.25 + 94 + $80.25 + $32.50 + $19 = $434)

          iii. Amount recoverable: $1,797.40 - $434 = $1,363.40

          iv. Amount sought by Defendant: $1,665.65

          v. Amount not recoverable sought by Defendant: $1,665.65 - $1,363.40 = $302.25

Thus, when subtracting out the additional $302.25 sought for Mr. Morris' transcript that is not recoverable, this reduces the Bill of Costs further to $2,867.40 ($3,169.65 - $302.25 = $2,867.40).

In addition, out of an abundance of caution, if this Court were to find that Simeon Palomino's transcript fees were recoverable, even though Defendant did not rely upon the

3

transcript in this matter, Defendant has sought too much for Simeon Palomino's transcript, as well:

    a. Original with 1 Certified Transcript: $219 (Plaintiff believes an extra fee has been added for the Certified Transcript, but Plaintiff has no documentation to calculate the additional fee)

    b. Attendance Hourly: $100

    c. Exhibits: $1.50 (not recoverable)

    d. Veritext Virtual Primary Participants: $195 (not recoverable)

    e. Surcharge – Video Processing: $15 (not recoverable)

    f. Surcharge – Advanced Processing: $15 (not recoverable)

    g. Litigation Package-Secure File Suite: $32.50 (not recoverable)

    h. Electronic Delivery and Handling: $19 (not recoverable)

        vi. Total: $597

        vii. Not recoverable expenses: $278 ($1.50 + 195 + $15 + $15 + $32.50 + $19 = $278)

        viii. Amount recoverable, *if* the Court determines that the transcript is recoverable at all: $597 - $278 = $319 (and, this should actually be less as Defendant ordered an additional certified copy of the transcript, but Plaintiff does not have sufficient information to calculate this additional fee for the appropriate reduction)

Moreover, the Court "has the discretion to deny an award of costs," where "there would be an element of injustice in a presumptive cost award." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011). In exercising this discretion, courts generally consider five factors: "(1) misconduct by the prevailing party; (2) the unsuccessful party's

4

inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Id*. The fifth factor weighs heavily towards the denial of Defendant's Bill of Costs under the circumstances of this case. *See Levy v. Lexington County*, Case No. 3:03-3093-MBS, 2012 U.S. Dist. LEXIS 180782, at *7-9 (D.S.C. Dec. 20, 2012) (denying defendants' bill of costs where "the issues were close and difficult," the claims were "of paramount importance, and the court is of the opinion that Plaintiffs were sincere in advancing the within litigation"); *Musick v. Dorel Juvenile Grp., Inc.*, 2012 U.S. Dist. LEXIS 17734, at *3-4 (W.D. Va. Feb. 13, 2012) ("A case's closeness is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize [and] sift through and organize relevant evidence [....]").

And, of note, Plaintiff has filed a Notice of Appeal in this matter, and therefore, to the extent the Court does not deny Defendant's Bill of Costs in full, Defendant's Bill of Costs should be stayed pending appeal. *E.g.*, *Walker v. Mod-U-Kraf Homes, LLC*, No. 7:12-CV-470, 2014 U.S. Dist. LEXIS 73801, at *12 (W.D. Va. May 30, 2014) (staying costs pending appeal); *Lee v. Belvac Prod. Mach.*, No. 6:18CV00075, 2020 U.S. Dist. LEXIS 211179, at *10 (W.D. Va. Oct. 20, 2020) ("I recommend that the court reduce the Defendant's bill by $2,131.60, and that the remaining amount, which totals $4873.70 be taxed against the Plaintiff. However, I RECOMMEND STAYING payment pending the outcome of Plaintiff's appeal."); *Lee v. Belvac Prod. Mach.*, No. 6:18-cv-75, 2020 U.S. Dist. LEXIS 210942, at *2 (W.D. Va. Nov. 12, 2020) (adopting the foregoing report and recommendation).

                Respectfully submitted,

                JAMES MATTHEW MORRIS

                */s/ Brittany M. Haddox*
                Brittany M. Haddox, Esq. (VSB # 86416)
                L. Leigh R. Strelka, Esq. (VSB # 73355)
                Thomas E. Strelka, Esq. (VSB # 75488)
                Monica L. Mroz, Esq. (VSB # 65766)
                N. Winston West, IV, Esq. (VSB # 92598)
                STRELKA EMPLOYMENT LAW
                Warehouse Row
                119 Norfolk Avenue, S.W., Suite 330
                Roanoke, VA  24011
                Tel:  540-283-0802
                brittany@strelkalaw.com
                leigh@strelkalaw.com
                thomas@strelkalaw.com
                monica@strelkalaw.com
                winston@strelkalaw.com
                *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March 2022, I electronically filed this pleading on the Court's CM/ECF filing system which contemporaneously sent a Notice of Electronic Filing to all counsel of record.

                */s/ Brittany M. Haddox*