IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES MATTHEW MORRIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:20-cv-00604 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| TAYLOR COMMUNICATIONS SECURE ) | United States District Judge |
| & CUSTOMER SOLUTIONS, INC., ) | |
| VENTURE SOLUTIONS, INC., and ) | |
| TAYLOR CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Having succeeded on their motion for summary judgment, defendants Taylor Communications Secure & Customer Solutions, Inc. *et al.* (collectively "Taylor" and referred to herein in the singular) filed a bill of costs requesting that the court tax costs to plaintiff under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1).[1]  (Dkt. No. 51.)  Plaintiff James Matthew Morris objected (Dkt. No. 57), and Taylor filed a response in which it withdrew a portion of its request (Dkt. No. 70.)  Morris also filed a document titled as "Supplemental Authority," which the court has considered, although none of the cases he cited therein were decided after his initial objections.  (Dkt. No. 71.)

For the following reasons, the court will grant Taylor's bill of costs, as revised by its response (Dkt. No. 70), overrule Morris's remaining objections, and award costs to defendants in the amount of $4,217.40.

---

[1] While the bill of costs was pending, Morris appealed the court's judgment.  The United States Court of Appeals for the Fourth Circuit affirmed in an unpublished, per curiam decision on January 4, 2023, and the mandate was issued on February 8, 2023.  (Dkt. Nos. 65, 68.)  Thus, plaintiff's request to stay a decision on the bill of costs pending a decision on appeal (Objs. 5, Dkt. No. 57) is moot.

## I.   BACKGROUND

In his complaint, Morris asserted multiple claims against his former employer, Taylor. As described by the Fourth Circuit, the claims stemmed "from Taylor's refusal to pay Morris a sales commission he was allegedly owed." (Dkt. No. 64, at 2.) The court dismissed his wrongful-discharge claim and granted summary judgment to Taylor on the remainder of the state-law claims.

Taylor submitted a bill of costs to be paid by Morris, which included $400.00 for the filing fee, and more than $4,300 for fees for "printed or electronically recorded transcripts necessarily obtained for use in the case." (Bill of Costs 1, Dkt. No. 51.) Taylor's bill of costs is supported by appropriate documentation. (*See generally id.*).

Morris's objections are three-fold, and the court discusses them starting with the most general. First, Morris argues that it would be an injustice for him to have to pay costs, focusing on the closeness of the merits of the case. In particular, Morris emphasizes the court's "discretion to deny an award of costs" where there would be an "element of injustice in a presumptive cost award." (Objs. 4 (quoting *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011).)

Second—and in the event his first argument fails—Morris states that he does not object in total to the taxing of costs for three of the seven transcripts, as these three transcripts were used to support Taylor's summary judgment motion. He objects, however, to being taxed costs for the other four—for witnesses Teal, Scully, Silverberg, and Palomino.

In his third objection, Morris takes issue with some of the particular expenses related to deposition transcripts for his deposition and for witness Palomino, noting that they are not allowable. In response to this objection, Taylor has modified its bill of costs to exclude those

amounts.  (Dkt. No. 70 at 4.)  Thus, this objection is effectively moot and need not be discussed further.  After that modification, the total amount Taylor seeks is $4,217.40.

## II.  DISCUSSION

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs should be allowed to the prevailing party unless a federal statute provides otherwise."  *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 636 (4th Cir. 2010) (internal quotations omitted).  Thus, the rule "creates the presumption that costs are to be awarded to the prevailing party."  *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).  Although the court has the discretion to deny an award of costs, it must "articulat[e] some good reason for doing so" to overcome the presumption.  *Id.* (internal citation and quotations omitted).  "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided."  *Ellis*, 434 F. App'x at 235 (citing *Cherry*, 186 F.3d at 446).  Although the unsuccessful party's "good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party."  *Id.* (internal citation and quotation marks omitted).

For its part, Taylor focuses on the published decision in *Cherry*, to which *Ellis* cites, where the court noted that "only misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs."  *Cherry*, 186 F.3d at 446 (citations omitted).  Taylor also notes that in *Ellis*, the Fourth Circuit found the district court did not abuse its discretion in denying costs, but there was sufficient evidence before the court to show that the non-prevailing party was unable to pay the award.  434 F. App'x at 235–36.

In his first objection, Morris relies only on the supposed "closeness" of the issues, but he does not allege bad faith or misconduct by Taylor, nor does he assert that he is unable to pay the costs. Pursuant to the language in *Cherry*, then, Morris has not made the showing required to deny an award of costs. *See Cherry*, 186 F.3d at 446. Even if the court were to consider the five factors discussed by the *Ellis* court, the court concludes that they do not support denying an award of costs. There was no misconduct by Taylor (factor 1); Morris has not alleged he is unable to pay the costs (factor 2); the costs are reasonable and not excessive (factor 3); Taylor had all claims against it dismissed (factor 4); and the court does not find that the issues were "close," (factor 5), which focuses on "the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir. 1986)). Even if the case had been close, that factor alone would not justify denying costs. *See also Clehm v. BAE Sys. Ordnance Sys., Inc.*, No. 7:16-cv-00012, 2018 WL 3978995, at *2 (W.D. Va. Aug. 20, 2018) (reasoning that even if the case was close and difficult, that factor alone is not sufficient to deny costs); *see also Va. Panel Corp.*, 203 F.R.D. at 237 (same). The court thus concludes that Morris has not identified any circumstances sufficient to overcome the presumption in favor of awarding costs to the prevailing party.

In his next objection, Morris contends that he should not have to pay for some of the deposition transcripts because Taylor did not use them to support its summary judgment motion. Costs for deposition transcripts "necessarily obtained for use in the case" are taxable under 28 U.S.C. § 1920(2). And the costs for deposition transcripts are generally recoverable if the deposition was "reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed.*

*Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987).

"While there is some caselaw supporting that depositions not used at trial or to support a dispositive motion are not recoverable," the Fourth Circuit has not required the use of a transcript in a dispositive motion to make it a taxable cost. *Young v. United Parcel Serv., Inc.*, No. DKC 08-2586, 2014 WL 858330, at *4 (D. Md. Mar. 4, 2014) (collecting authority). Instead, in cases that never make it to trial, costs for obtaining deposition transcripts are taxable when "reasonably necessary for preparation for trial." *LaVay Corp.*, 830 F.2d at 528. In such cases, the Fourth Circuit has held that each deposition's necessity is determined at the time it was taken. *See id*.

Here, Taylor explains that, for three of the four individuals to which Morris objects (Teal, Scully, and Silverberg), their depositions were noticed by Morris. Further, each of these witnesses lives outside of Virginia and would not be subject to a trial subpoena. The court concludes that these facts made those transcripts reasonably necessary to prepare for trial. *See Young*, 2014 WL 858330, at *5 (taxing costs for transcripts of an opposing party's noticed depositions); *cf. Hamada v Boeing Co.*, No. 2:19-cv-02777-DCN, 2021 WL 5449658 (D.S.C. Nov. 22, 2021) ("[C]ourts have previously determined that taxation of deposition costs for witnesses who were on the losing party's witness list is reasonable."). Furthermore, Morris cited to the depositions of these three witnesses and the fourth witness, Palomino, in his opposition to defendants' motion for summary judgment. Thus, while Taylor did not attach portions of these transcripts to its own summary judgment briefing, the court concludes it was necessary to obtain the transcripts to be able to review plaintiff's summary judgment evidence and argument.

For all of these reasons, the court will overrule the objections to the bill of costs, except that, by agreement, it will reduce the amount recoverable to $4,217.40. The detailed amounts are as follows:

| | |
|---|---|
| Filing Fee | $400.00 |
| Morris deposition | $1,363.40 |
| Passanesi deposition | $261.00 |
| Dailey deposition | $843.00 |
| Teal deposition | $261.50 |
| Scully deposition | $418.00 |
| Silverberg deposition | $351.50 |
| Palomino deposition | $319.00 |
| **TOTAL** | **$4217.40** |

III. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED as follows:

1. Taylor's bill of costs (Dkt. No. 51), as modified by Dkt. No. 70, is GRANTED;

2. Morris's objections to the bill of costs (Dkt. No. 57) are OVERRULED; and

3. Costs are awarded to defendants in the amount of $4,217.40.

Entered: February 5, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge